**UNITED STATES and GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiffs**

**v.**

**ANN ABRAMSON and BERTHILL THOMAS, Defendants.**

Crim. No. 1998-228

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 2, 1999

JULIEN ADAMS, ASST. U.S. Attorney, St. Thomas, *for Plaintiffs*

GEORGE CANON, ESQ., St. Croix, VI, *for defendant*

LAWRENCE H. SCHOENBACK, ESQ., New York, NY, *for defendant*

MICHAEL JOSEPH, ESQ., St. Croix, VI, *for defendant*

MOORE, *Judge*

### MEMORANDUM

## I. INTRODUCTION

Defendant Ann Abramson ["Abramson"] has moved to sever her trial from that of her co-defendant, Berthill Thomas ["Thomas"]. For the reasons set forth below, the Court will deny Abramson's motion.

## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 16, the government has provided Abramson with documents which include

reports of statements allegedly made by Thomas. Thomas allegedly made these statements to law enforcement officers from the Federal Bureau of Investigation ["FBI"] and to others, including Walter Challenger ["Challenger"], an employee of the Department of Public Works. Arguing that these statements are inadmissible against her because she would not be able to cross examine Thomas, Abramson contends [*2] that the Court must sever the trial in accordance with Federal Rule of Criminal Procedure 14 and *Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968).

■ At a hearing conducted on February 17, 1999, the Court ruled that Thomas' statements made to Challenger would be admissible against Abramson whether she is tried separately or together with Thomas as statements of a co-conspirator. Fed. R. Evid. 801(d)(2)(E). Since she would not be able to cross-examine Thomas in either event, the statements to Challenger provide no basis for a severance. The remaining issue is whether the possible admission of Thomas' statements to the FBI mandates severance.

Abramson refers to eight statements allegedly made by Thomas to the FBI. According to Abramson, the content of these statements is as follows:

1. Berthill Thomas told the FBI Agent that Abramson got in touch with him (Thomas) to ask him to do repair work. Thomas stated there was no bidding/estimate/rate of payment/contract for the project. Thomas said that Abramson told Thomas that it was a FEMA funded project. Bates Stamp No. 82.
2. Berthill Thomas told the FBI Agent that Abramson paid for the plane tickets for Thomas and his crew. Bates Stamp No. 82.
3. Berthill Thomas told the FBI Agent that Abramson supplied the building materials for the project by either, charging them to her credit card or using materials she already had from her previous business. Bates Stamp No. 82.
4. Berthill Thomas told the FBI Agent that he (Thomas) doesn't remember the amount of money Abramson

431

laid out, but he paid her back in cash. Bates Stamp No. 82.

5. Berthill Thomas told the FBI Agent that he had fixed leaks in Abramson's home in St. Croix. Bates Stamp No. 84.

6. Berthill Thomas told the FBI Agent that he has done other public works projects through Abramson before. Bates Stamp No. 84.

7. Berthill Thomas told the FBI that Lionel Jacobs, an architect who works with Abramson, helped to prepare the invoice and suggested the $ 40,000 price. Bates Stamp No. 84.

[8.] Berthill Thomas told the FBI Agent that he never received or gave anything of value to Abramson in exchange for the contracts. Bates Stamp No. 85.

(Memorandum of Law in Support of Motion for Severance and a Separate Trial at 1-2, n.1.) The most significant characteristic of these statements is their non-inculpatory, innocent nature. Not one of them incriminates either Abramson or Thomas. To the contrary, the content of the statements exculpates both Thomas and Abramson and contradicts the government's claims of illegal activity.

The safeguards to a defendant's constitutional right to confront witnesses created by the Supreme Court's holding in *Bruton v. United States* apply only to out-of-court statements which *expressly incriminate* both the speaker and his or her co-defendant. 391 U.S. 123, 135-36, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968)(Severance is mandated "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial."); *see also Richardson v. Marsh*, 481 U.S. 200, 207, 95 L. Ed. 2d 176, 107 S. Ct. 1702 (1987) ("We held [in Bruton] that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial . . . ."). The statements which Thomas allegedly made to the FBI do not incriminate himself or codefendant Abramson. Therefore, *Bruton* does not apply.

■ Abramson also argues, however, that the holding of *Richardson v. Marsh* mandates severance because the government may attempt to prove that these facially exculpatory statements are actually false exculpatory statements. This argument also fails because *Marsh*, like *Bruton*, applies only to statements of a codefendant which are facially incriminating.[1] *Marsh*, 481 U.S. at 211. incriminating.[2]

## III. CONCLUSION

Since the contested statements of codefendant Thomas are facially exculpatory, the protections of *Bruton v. United States* and its progeny are not triggered. Accordingly, the Court will deny defendant Abramson's motion to sever. An appropriate order shall issue.

ENTERED this 2d day of March, 1999.

### ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

ORDERED that defendant Ann Abramson's motion to sever is DENIED.

ENTERED this 2d day of March, 1999.

---

[1] Furthermore, even if additional evidence is introduced which could persuade a jury to find the statement to be incriminating as a false exculpatory statement, e.g., indicating the speaker's consciousness of his or her guilt, *Bruton* and its progeny still would not apply. The protections of Bruton and *Marsh* are predicated on the introduction of a statement which, on its face, incriminates both the declarant and a codefendant.

[2] The Court does not reach the question of the admissibility of the statements Thomas allegedly made to the FBI, and will leave it for trial.